**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

**DONALD ARTHUR DOUGAN, JR.,**
      **Plaintiff,**

v.

                **18-CV-1224-HKS**

**ANDREW SAUL, Acting**
**Commissioner of Social Security,**

      **Defendant.**

## DECISION AND ORDER

    Plaintiff, Donald Dougan, Jr., brings this action pursuant to the Social Security Act ("the Act") seeking review of the final decision of Acting Commissioner of Social Security (the "Commissioner"), which denied his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Act.  Dkt. No. 1.  This Court has jurisdiction over this action under 42 U.S.C. § 405(g) and the parties have consented to the disposition of this case by the undersigned pursuant to 28 U.S.C. § 636(c).  Dkt. No. 20.

    Both parties have moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).  Dkt. Nos. 14, 19.  For the reasons that follow, the Defendant's motion (Dkt. No. 19) is GRANTED and Plaintiff's motion (Dkt. No. 14) is DENIED.

1

## **BACKGROUND**

On November 7, 2014, Plaintiff protectively filed applications for SSI and DIB with the Social Security Administration ("SSA") alleging disability since May 2, 2012, due to a broken back; disc herniations; fractures in back; and shattered heel. Tr.[1] 256. On February 18, 2015, Plaintiff's claims were denied by the SSA at the initial level and he requested review. Tr. 152-58, 164-66. On May 12, 2017, Plaintiff appeared with his attorney and testified along with a vocational expert ("VE") before Administrative Law Judge, Lynette Gohr ("the ALJ"). Tr. 33-61. On August 8, 2017, the ALJ issued a decision finding Plaintiff was not disabled within the meaning of the Act. Tr. 13-32. Plaintiff timely requested review of the ALJ's decision, which the Appeals Council denied on September 17, 2018. Tr. 1-7. Thereafter, Plaintiff commenced this action seeking review of the Commissioner's final decision. Dkt. No. 1.

## **LEGAL STANDARD**

### I.   District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as

---

[1] References to "Tr." are to the administrative record in this matter. Dkt. No. 8.

adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence). However, "[t]he deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

## II.     Disability Determination

An ALJ must follow a five-step process to determine whether an individual is disabled under the Act. *See Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings").  20 C.F.R. § 404.1520(d).  If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (20 C.F.R. § 404.1509), the claimant is disabled.  If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for collective impairments.  *See* 20 C.F.R. § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work.  20 C.F.R. § 404.1520(f).  If the claimant can perform such requirements, then he or she is not disabled.  If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to demonstrate that the claimant "retains a residual functional capacity to perform the alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience.  *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

### I.   The ALJ's Decision

The ALJ's decision analyzed Plaintiff's claim for benefits under the process described above.  First, the ALJ found Plaintiff met the insured status

requirements of the Act through September 30, 2018.  Tr. 18.  At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since May 2, 2012, the alleged onset date.  Tr. 19.   At step two, the ALJ found Plaintiff has the following severe impairments:  low back degenerative disc disease and arthritis, status most multiple compression fractures; right calcaneus with osteoarthritis, status post two surgeries; and major depressive disorder.  *Id.*  Also, at step two, the ALJ found Plaintiff's alcohol abuse is a non-severe impairment.  *Id.*  At step three, the ALJ found that these impairments, alone or in combination, did not meet or medically equal any listings impairment.  Tr. 19-21.

Next, the ALJ determined Plaintiff retained the RFC to perform a limited range of sedentary work.[2]   Tr. 21-26.  Specifically, the ALJ found Plaintiff can occasionally balance, stoop, and climb ramps, stairs, ladders, ropes, and scaffolds.  Tr. 21.  The ALJ found Plaintiff should rarely kneel, crouch and crawl; should avoid exposure to extreme cold; and must avoid concentrated exposure to dust, odors, fumes, and pulmonary irritants.  *Id.*  The ALJ further limited Plaintiff to simple routine tasks and simple work-related decisions with minimal changes in work routines and processes.  *Id.*

At step four, the ALJ found Plaintiff is unable to perform his past relevant work as a "shipping and receiving clerk."  Tr. 26.  At step five the ALJ concluded, based

---

[2] Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools.  Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties.  Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.  20 C.F.R. 416.967(a).

on the VE's testimony in consideration of Plaintiff's age, education, work experience, and RFC, that Plaintiff was capable of performing other work existing in significant numbers in the national economy.  *Id.*  Specifically, the ALJ found Plaintiff could perform the following jobs:  "Assembler," "Stuffer," and "Document Preparer."  Tr. 27. Accordingly, the ALJ found Plaintiff was not disabled under the Act from May 2, 2012 through August 8, 2017.  Tr. 27-28.

## II.   Analysis

Plaintiff argues that remand is warranted because the ALJ erred in evaluating the medical opinion evidence in determining his RFC.  Dkt. No. 14 at 1.  The Commissioner contends the ALJ's decision is supported by substantial evidence and should be affirmed.  Dkt. No. 19 at 1.  This Court agrees with the Commissioner for the reasons that follow.

### A. Physical RFC

First, Plaintiff contends that the ALJ erred in determining the Physical RFC by relying on a mischaracterization of the record, where she purported to accord significant weight to treatment notes from Dr. Wehr and ANP Przybleinski.  Dkt. No. 14 at 13.  In her decision the ALJ stated,

> "Krista Przybelinski, ANP and Dr. Wehr (Exhibit 10F, p. 2) are given significant weight.  They found the claimant was capable of sedentary work and this is consistent with the record as a whole.  Treatment notes show the claimant reported no difficulty with sitting but he did report problems with prolonged standing."

6

Tr. 26.  Plaintiff argues the ALJ mischaracterized the treatment notes as an opinion and falsely concluded that the notes were authored by Dr. Wehr.  Dkt. No. 14 at 13.  In reviewing the record, this Court notes the ALJ relied upon a summary of Plaintiff's subjective reports upon examination in October 2015.  Tr. 488.

> "He states he can't stand for prolonged periods but does just fine sitting.  Could probably perform a job where he was not required to be on his feet all day.  He does feel that his pain is fairly well controlled."

*Id.*  Furthermore, the examination record is signed by ANP Przybelinski and Lorie Lashbrook, M.D., not Dr. Wehr.  Tr. 492.

The Commissioner concedes that ANP Przybelinski and Dr. Wehr did not author a medical opinion, however, the Commissioner contends any error here is harmless, where the ALJ also accorded significant weight to the opinion of Plaintiff's treating physician, Bernhard Rohrbacher, M.D. ("Dr. Rohrbacher") in support of the physical RFC.  Dkt. No. 19 at 7-8*.* This Court agrees.

### Dr. Rohrbacher

Plaintiff argues the ALJ violated the treating physician rule in evaluating Dr. Rohrbacher's medical opinion where she accorded significant weight to the opinion but failed to adopt all of the limitations into the RFC assessment or explain why she rejected certain limitations.  Dkt. No. 14 at 14.  Specifically, Plaintiff contends the ALJ failed to provide adequate reasoning in support of her decision to discount the limitations Dr. Rohrbacher assessed regarding overhead reaching and failed to mention

7

or weigh the doctor's assessed limitations on Plaintiff's ability to reach from waist level to the floor. *Id.* at 14-15.

Under Second Circuit precedent and the applicable Social Security Regulations, an ALJ must follow a two-step procedure in evaluating the medical opinion of a treating physician. *See Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019). First, the ALJ determines whether the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the case record." *Id.* If these criteria are satisfied, then the opinion is "entitled to controlling weight." *Id.* If not, then the ALJ proceeds to the second step, determining "how much weight, if any, to give" the opinion. *Id.* Specifically, at step two the ALJ must consider the following factors: "(1) the frequency, length, nature, and extent of treatment; (2) the amount of medical evidence supporting the opinion; (3) the consistency of the opinion with the remaining medical evidence; and (4) whether the physician is a specialist." *Id.* at 95-96 (citing *Selian v. Astrue*, 708 F.3d 409, 418 (2d Cir.2013) (per curiam) (citing *Burgess v. Astrue*, 537 F.3d 117, 120 (2d Cir.2008) (citing 20 C.F.R. § 404.1527(c)(2))))). The ALJ must provide "good reasons" regarding the weight assigned to a treating physician's medical opinion at both steps. *Id.* at 96. (citing *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir.2004) (per curiam) (quoting 20 C.F.R. § 404.1527(c)(2))).

"An ALJ's failure to 'explicitly' apply the Burgess factors when assigning weight" to a treating physician's opinion that has not been accorded controlling weight at

8

step two is a "procedural error." *Estrella*, 925 F.3d at 96.  Unless the ALJ has "otherwise provided good reasons" for the weight assigned, "[the Court] will be unable to conclude that the error was harmless and [will] consequently remand for the ALJ to comprehensively set forth [good] reasons."  *Id.* However, if "a searching review of the record assures [the Court] that the substance of the treating physician rule was not traversed, [the Court] will affirm."  *Id.*

Dr. Rohrbacher completed a "Residual Functional Capacity Form" on Plaintiff's behalf in April of 2017.  Tr. 556-61.  He opined that Plaintiff's pain and limited motion of the right foot/ankle due to his calcaneal fracture of the right foot with subtalar fusion and sural nerve resection, would prevent Plaintiff from standing for six to eight hours and limit him to ten to fifteen minutes of walking before needing to stop.  Tr. 556-58.  The doctor also noted that Plaintiff suffers from a spine injury and referenced Dr. Bennett in support.[3]  Tr. 559.  Dr. Rohrbacher further opined Plaintiff would:  rarely (0-30 percent of the time) be able to reach down to waist level and toward the floor; could frequently (30-70 percent of the time) but not consistently reach above the shoulders; and could consistently (70-100 percent of the time) carefully handle objects with his fingers.  Tr. 558.  He also opined Plaintiff may have limitations with lifting, bending, pulling, and holding objects due to his spinal injury.  Tr. 559.  Lastly, Dr. Rohrbacher

---

[3] In her decision the ALJ noted that Gregory Bennett, M.D. ("Dr. Bennett") evaluated Plaintiff in February 2016 for complaints of back and neck pain and found Plaintiff "fully ambulatory" with diminished range of motion of the lumbar spine.  The ALJ noted Dr. Bennett's statement that Plaintiff might benefit from training for light work and that his condition might improve in the future.  Tr. 23.

noted Plaintiff suffers from constant throbbing/stabbing pain ranging from level six to ten (on a scale of one to ten) and opined Plaintiff could perform "desk duties."  Tr. 559-560.

The ALJ accorded significant weight to Dr. Rohrbacher's opinion, with the exception of the doctor's assessed limitations on Plaintiff's ability to reach over the shoulders which the ALJ indicated she found inconsistent with the record.  Tr. 26.  The ALJ explained that there was no evidence in the record showing that Plaintiff had any limitations for reaching.  *Id.*  Here, Plaintiff contends the ALJ failed to cite to any evidence in support of her conclusion and also failed to specifically address the doctor's limitations on reaching from waist level to the floor.  Dkt. No. 19 at 15.

Plaintiff contends this error warrants remand and is particularly harmful where all three jobs identified by the ALJ at step five require either constant or frequent reaching or "[e]xtending hand(s) and arm(s) in any direction."  Dkt. No. 14 at 16.  The jobs included:  Assembler, which requires constant reaching; Stuffer, which requires frequent reaching; and Document Preparer, Microfilming, which also requires frequent reaching.  *Id.*  Plaintiff also argues that the reaching limitations assessed by Dr. Rohrbacher are "logically supported by Plaintiff's spinal injuries."  Dkt. No. 14 at 15.

Plaintiff cites *Palmer v. Berryhill*, 2018 WL 797281, *3 (W.D.N.Y 2018) in support of his argument.  Dkt. No. 14 at 15.  In *Palmer*, the Court found that the ALJ's Mental RFC determination conflicted with the medical opinion of the psychiatric examiner, which the ALJ accorded significant weight; and the ALJ failed to address the

conflict or explain how, despite the conflicting opinion, he arrived at that conclusion. 2018 WL 797281 at *3.  Here, unlike the ALJ in *Palmer*, the ALJ explained that while she accorded Dr. Rohrbacher's opinion significant weight, she did not find any evidence in support of the doctor's assessed limitations on Plaintiff's ability to reach, therefore, she discounted that portion of the doctor's opinion.  Tr. 26.  Furthermore, aside from his statement that the reaching limitations are "logically supported" by his spinal injuries, Plaintiff has failed to identify any relevant record evidence in support of his claim that he is incapable of performing reaching as required for the jobs identified by the VE.  This Court also notes that Plaintiff testified he is capable of performing daily activities including showering, dressing himself, preparing food, mopping, sweeping, and laundry; all of which necessarily incorporate some degree of reaching in any direction.  Tr. 45. Accordingly, this Court finds ALJ's assessment of Dr. Rohrbacher's opinion is supported by substantial evidence.

### Dr. Balderman

Plaintiff also challenges the ALJ's decision to accord significant weight to the opinion of consultative examiner, Samuel Balderman, M.D., who examined Plaintiff in February 2015.  Dkt. No. 14 at 16-17.  Dr. Balderman noted Plaintiff's chief concerns consisted of constant and sharp pain in his right foot and lumbar spine relating to the fractured spine and right calcaneus he suffered after a fall in October 2014.  Tr. 412. He opined Plaintiff would have marked limitations with walking, standing, carrying, or climbing for a period of three months to allow for more complete surgical healing.  Tr. 415.  The ALJ gave Dr. Balderman's opinion "significant weight," concluding that it was

11

"consistent with the record as a whole" and that the opinion suggested Plaintiff "had not yet reached maximum medical improvement." Tr. 26.

Here, Plaintiff contends the ALJ erred in relying on the opinion in support of her RFC finding where the opinion is stale because it was rendered in 2015 and does not account for the second surgery that Dr. Rohrbacher performed on Plaintiff's right foot demonstrating his deteriorating condition. Dkt. No. 14 at 17. The Commissioner argues that it was immaterial whether or not Dr. Balderman's opinion was stale where the ALJ also accorded significant weight to Dr. Rohrbacher's opinion, in support of the physical RFC finding. Dkt. No. 19 at 8. This Court agrees where the ALJ discussed and explicitly considered medical records and opinions post-dating Dr. Balderman's medical opinion. Although Dr. Balderman's opinion was rendered prior to Plaintiff's second surgery on his foot, Dr. Rohrbacher's opinion (April 2017) addressed Plaintiff's right foot condition after the second surgery (which Dr. Rohrbacher performed). Tr. 556-8.

This Court concludes that the ALJ's Physical RFC finding is supported by substantial evidence and should be affirmed.

### B. Mental RFC

Lastly, Plaintiff argues the ALJ erred in determining Plaintiff's Mental RFC by relying on her own lay opinion in support of her determination where she discredited

a portion of the medical opinion rendered by Yu-Ying Lin, PH. D. ("Dr. Lin").  Dkt. No. 14 at 17-19.  This Court finds no error in the ALJ's assessment of Dr. Lin's opinion.

      Dr. Lin performed a consultative psychiatric examination of Plaintiff in February 2015.  Tr. 406-410.  Plaintiff reported to Dr. Lin that showering, bathing, and dressing were difficult for him because of medical problems and that he showered only once a week because of medical conditions and depression.  Tr. 408.  Plaintiff also stated that he could not cook, clean, do laundry, or go shopping because of medical problems.  Tr. 408.  Dr. Lin diagnosed Plaintiff with Major depressive disorder; moderate, with anxiety distress; Alcohol use; and Cannabis use.  Tr. 409.  He opined Plaintiff can follow and understand simple directions and instructions; perform simple tasks independently; is mildly limited in maintaining concentration and attention; is able to maintain a regular schedule; can learn new tasks; can perform complex tasks with supervision; and can relate adequately with others.  Tr. 409.  Dr. Lin also opined Plaintiff is markedly limited in making appropriate decisions and appropriately dealing with stress.  Tr. 409.  Lastly, he opined that Plaintiff's difficulties are caused by lack of motivation, substance abuse, stress-related problems, and Plaintiff's psychiatric problems and substance abuse problems may significantly interfere with his ability to function on a daily basis.  Tr. 409.  Dr. Lin recommended individual psychological therapy, psychiatric intervention, substance abuse treatment, and medical evaluation.  Tr. 409.

The ALJ accorded significant weight to Dr. Lin's opinion regarding the areas of limitation the doctor identified for Plaintiff, but accorded limited weight to the level of limitations Dr. Lin assessed. Tr. 26. In her decision, the ALJ limited Plaintiff to performing simple routine tasks and simple work-related decisions, with minimal changes in work routines and processes. Tr. 21. The ALJ further explained that the severity of the level of limitations Dr. Lin assessed was inconsistent with the record as whole, including relatively benign mental status examinations, Plaintiff's performance of activities of daily living, and Plaintiff's attendance at appointments. Tr. 26. A searching review of the record supports the ALJ's analysis.

For example, Plaintiff was assessed by licensed mental health counselor Jennifer Mackowiak of the Chautauqua County Department of Mental Hygiene in October 2016. Tr. 585. Plaintiff did not identify any mental health issues past or present; appeared to have stable mental health at the time, but experienced some depression when relating to being out of work and injured. Tr. 585. Also, while Plaintiff reported to Dr. Lin in 2015 that he was incapable of performing activities of daily living such as regular self-care (showering, bathing, dressing, cleaning, etc.) due to medical problems and depression; he subsequently testified under oath at his administrative hearing in 2017, that he was capable of performing daily activities including showering, dressing himself, preparing food, mopping, sweeping, and doing laundry. Tr. 408, 45. This Court finds the ALJ's assessment of Dr. Lin's medical opinion in support of the Mental RFC determination is supported by substantial evidence.

After a careful review of the entire record, this Court finds that the ALJ's decision was based on substantial evidence and was not erroneous as a matter of law. Accordingly, the ALJ's decision is affirmed.

## CONCLUSION

For these reasons, Defendant's Motion for Judgment on the Pleadings (Dkt. No. 19) is GRANTED.  Plaintiff's Motion for Judgment on the Pleadings (Dkt. No. 14) is DENIED.  The Clerk of Court shall enter judgment and close this case.

**SO ORDERED.**

DATED:   Buffalo, New York
         July 7, 2020

                              *s/ H. Kenneth Schroeder, Jr.*
                              **H. KENNETH SCHROEDER, JR.**
                              **United States Magistrate Judge**